■ In the Matter of AYELA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ROSALIE C., Appellant. (And Another Title.) [915 NYS2d 301]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Ruiz, J.), dated September 14, 2009, which denied her motion to hold the foster mother in civil contempt for the alleged failure to comply with provisions of a prior order of the same court dated September 19, 2007, and denied her application to consider her relatives as possible fos-

ter care placement resources for Ayela S., during the pendency of a hearing on that branch of the petitioner's motion which was for permission to remove Ayela S. from the foster mother's home.

Ordered that the order dated September 14, 2009, is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly denied her motion to hold the foster mother in civil contempt for the alleged failure to comply with provisions of a prior order which required that the child Ayela S. be taken to weekly therapy appointments, and that both Ayela S. and her younger sister have visitation with their siblings. In order to sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order which clearly expressed an unequivocal mandate, and that, as a result of the violation, a right or remedy of a party to the litigation was prejudiced (*see* Judiciary Law § 753 [A] [3]; Family Ct Act § 156; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]). Here, as the Family Court recognized, the children were in the custody of the petitioner, Administration for Children's Services, and thus, the provisions in its prior order requiring that Ayela S. be taken to weekly therapy, and that both children have visitation with their siblings, were properly directed only at the petitioner agency (*see generally* Family Ct Act § 1015-a). Moreover, the mother failed to show that the foster mother's alleged disobedience of the prior order prejudiced any legal right or remedy which she has in this child protective proceeding.

Furthermore, under the circumstances of this case, there is no merit to the mother's contention that the Family Court should have expanded the scope of a limited hearing it was conducting on that branch of the petitioner's motion which was for permission to remove Ayela S. from the foster mother's home to consider the mother's relatives as possible foster care placement resources for Ayela S. Florio, J.P., Eng, Belen and Austin, JJ., concur.